Good morning, Your Honors. My name is Jesse Kadatek and I represent the plaintiffs and appellants LL Liquor. This case asks the question, whether the state can reserve to itself the right to unilaterally impair the central financial term of a contract to which the state itself is a party. It cannot. A long and consistent line of Supreme Court and Ninth Circuit authority says, almost as a categorical rule, that the state cannot change the law in a way that impairs its own contractual obligations. But you started out by saying reserved to itself. What if it reserves that right to itself in the contract? It's not a contract if the state has unilateral right to get out of it. If it's not a contract, then it can't be impaired. Well, except in this case, the state has admitted that it's a contract. That's never been an issue in this case. But I'm just, I want to, I agree with your opening statement that in the absence of a provision in a contract, there are, we have cases that say the state can't unilaterally change the contractual provisions. Although there's also cases out there like National Railroad Passenger Association and others that say when you deal with the government, you deal with, you're subject to laws. But assume your initial statement is correct. My difficulty here in this case is the very contract that you say was impaired warns you that we may change the law from time to time that relates to this subject, and if we do, the contract, the contract will be changed that way, and your client signs it, doesn't, so why doesn't that end the case? I have two answers to that question. The first is as a general matter of contractual interpretation. There's a very specific provision on the front page of the contract in section two about how the commission adjustments can happen. And it says right there on the front page, subsequent changes to the law by the legislature may require terms to change in future renewals of the agreement. That's at ER 31 on the very front page. So in that section two, it provides a whole universe of ways that the contract commission rate can be... I'm focusing on section 11. Okay. And so... You say section 11 doesn't override the provision in section two that says changes in the law will only apply to future contracts. Correct. I'm saying section two is more specific. Then it seems to me you don't, you have a contractual claim. Well... Your claim is that they breached the contract rather than that they impaired it. That's actually really interesting, Your Honor, because the pure wafer case from last year talked about that extensively. However, in that case, the district court decided on contract clause grounds, but this court said, no, you still have a contract remedy. So there's no... Right. So that's my point. So if you're right about that, if you're right that they have a contract, the old commission level should have remained in, you have a contract claim against the state, which you couldn't have brought it in federal court, probably you might've had to do it otherwise. We actually brought this case in state court and it was removed. But Your Honor, I think the problem with that idea is that the remedy has been removed by the change in law. We can't go to the court and say, enforce our contract terms when those contract terms are now in violation of the law. So that they... Well, I don't understand that. It seems to me your argument is they're claiming section 11 applies. We're claiming section 2 applies. Court, tell us which one applies. If section 11 applies, then I've got an impairment argument and then, you know, we can, we can deal with it. But if section 2 applies, they should have been paying me more under the contract and give me those damages. The problem, again, Your Honor, I don't disagree with that as a general principle, but that's, Pure Wafer talked about that a lot. And the reason the contract clause exists and when there's no remedy. I don't believe I can go to the state district court or the federal district court in this case and say, enforce this contract when the court goes to look at what the statute says and says, no, this statute... What the statute doesn't say, if there's a, if somebody has a preexisting, if somebody has a contractual right to hire commissions, one must not pay them. It just sets up a commission, a commission schedule, right? To apply from this point going forward. That is correct, Your Honor. But I mean, I don't think we have, I mean, I'm going to, I'm not going to concede that, but I have a hard time believing that we have a contract remedy when, when... I would have thought you didn't either until you told me that you thought section 2 controlled over section 11. That's a contractual argument. That's a, that's an interpretation of contract argument. It's an interpretation of argument that defeats their defense to the contract clause claim. So the same type of provision was in the contract... Well, in the Energy Reserves case, there was a similar argument about the statute, a statutory provision with regard to the, you know, what the law is. And the, I think that's the case. Yeah, the contracts expressly recognize the existence of extensive regulation and by providing any contractual terms are subject to relevant present and future state and federal law. And the court didn't say that, that those provisions were determinative, but they did say that it suggests that ERG knew its contractual rights were subject to alteration by state price regulation. In other words, they didn't really regard it as a contractual override, but instead as, as further evidence that you're contracting with the government and they can change the law. Two points about that. First of all, the contract in Energy Reserves was between private parties and Energy Reserves itself noted that when two private parties contract with the proviso that they're going to share the risk that the law might change and that the contractual relationship might change if that happens is completely different than the government reserving to itself that same right. Energy Reserves itself recognized that in footnote 14, where it said when a state itself enters into a contract, it cannot simply walk away from its financial obligations. In almost every case, the court has held a governmental unit to its contractual obligations when it enters financial or other markets. But the court's, the court's made a distinction and I want to move off the contract argument to the contract clause argument for a second, which is your primary argument. The court has said not every governmental change in the conditions of a contract, even a contract that it's a party to, amounts to a contract clause violation. It may be a contract breach, but it may not be a con unless the impairment is so substantial as to reach a certain level. Here, as I understand it, you're getting lower commissions. 25% lower commissions, which is the ultimately the net revenue for the owners. Tell me why that meets the standards that the Supreme Court says are required to establish a contract clause violation. So, for example, if they'd said no commissions for you in the future, that's easy for me. I actually have three quick responses to that. The first one is in 1990, this court said in the Nevada Employees Association that energy reserves has no direct effect on Ninth Circuit contract clause jurisprudence as it applies to public contracts because... So are you saying any alteration in a public contract violates the contract clause? Since 1977, when the Supreme Court decided U.S. trust, this court has found in every case where the government has changed a law that's altered a purely financial obligation that that's a, that left the other party without remedy that that's a contract clause violation. And no matter how substantial or insubstantial? So this, when you look at the cases... No, can you address my question? I, I... Without a history lesson, I believe that... The substantiality of it doesn't matter in your view? This is actually the most substantial impairment that this circuit has seen since 1977. And if you look at Southern California Gas, which is really the controlling case here, we believe, that set out four ways that a state law can substantially impair a contract. So it says, one, if it deprives a party of an important right, two, if it thwarts performance of essential term, three, if it defeats a party's expectations, and four, if it alters a financial term of the contract. And when you look at these cases... So, for example, if you look at the University of Hawaii case, the impairment in that case was they changed the day on which state employees got paid six times over the course of a year by three to five days. So there was hardly a financial impairment, it was just a couple days different about when people got paid. And they said, this court said, well, that changes the relationship between the parties because people have these financial obligations. And if you change the law to alter their financial obligations, that's enough of an impairment. In Southern California Gas, they actually noted that it wasn't clear from the record what sort of financial impact that would have on the gas company. It was only that it defeated that party's expectations and made them, you know, it changed what they expected. And I think another really important fact from that case is that it talked about the course of performance of the parties. And here, there's no question that since 1995, when the stores were privatized, no store has ever had its overall negotiated for commission rate lowered during the term of the contract. And just to go back to the Section 2 thing, I think I don't want to be misunderstood about what we're arguing with the import of Section 2 being more specific and backstopped by statute, administrative rule, legislative history, from the director of the DOR and course of performance. We're not using that to say it's a breach of contract case. We're using that to say that provision is more important and more central to the contract than Section 11. And so Section 11... Well, it seems to me that what you're saying is that the... For a provision, a specific provision of supersession of state or local law, you would prevail. Number one, you're saying that because you're saying it's substantial enough and there's no... We haven't really gotten to the justification and maybe we need to get to that. And two, that this clause, even if it were possible to have a clause that would be specific enough to override that, this isn't it. The combination of what's in this statute isn't enough. That's correct. And if you look at Judge Haddon's opinion and if you look at the State's arguments, their reading of the contract gives no effect to Section 2. They just say, Section 11 completely trumps it. We don't have to give... Well, no. Section 11 could cover a whole variety of... Sure. So what if Section 11 began, notwithstanding anything in some bad lawyer language, notwithstanding hearing before to the contrary, then the language of Section 11, would you still have the same claim? I think yes. And I don't think it would be as strong, but I think it would still be there because, again, this court has said over and over again, and like in Southern California, yes, if when the state just cannot reserve to itself the right to perform or not when it enters into a contract... Those don't deal with contractual... That doesn't deal with a contractual provision. That deals with the State's sovereign ability, if you will, to reserve to itself the ability to change contracts. So the difficulty I'm having here is the line between your claim that the contract entitles me to continued commissions and the line that the State can't change the law. So it's that contract line I'm having a difficult time with. The State can change the law, and it has changed the law, and there are many ways that the State can change the law that technically changes the agency franchise agreement, but that does not impair it in a constitutional sense. For example, they could change the hours that liquor stores are allowed to operate by expanding those. No one would say that that's an impairment. For 90 of the 96 agency liquor stores, this SB 193 increased what they're going to be paid for the same amount of work. In no way does that impair the contract as to them. They're getting a benefit from this. The problem is that this law was targeted by those other stores, shopped to the Department of Revenue as a way to cut LL liquor off at the knees. And when you look at all of the... That's a due process claim, not a contract clause. I don't believe it is, Your Honor, in this context because we have this express provision of the Constitution that says no state shall pass any law impairing the obligation of contract, and that's what it did. And as applied... Well, let me... The problem is it doesn't work in the absence of your contract clause claim. The State Legislature could get together and say, hey, 80% of our sales are to one big supplier, and we think we're not making enough money on them, so let's change the commission rates. In the absence of a contract, the fact that they targeted your client doesn't make... Doesn't give you any rights. Right. I guess if we had a license or something and they did the same type of thing, that might be a different claim, but we have a written contract that no one has ever disputed is a legitimate contract. And, Your Honor, I just want to point out one more thing from Southern California... Go ahead. From Southern California Gas. That contract, and they called it an agency franchise agreement there too. It's exactly the same. It said the gas company's rights were supposedly, quote, subject to all ordinances heretofore or hereafter adopted in the exercise of the city's police powers. And that is the precise provision that this court rejected in saying that does not remove the state from contract clause liability, because if it did, what would stop every public entity forever in this circuit from putting that clause in their contracts and therefore removing any obligation that they had? Change the law, there's no remedy. Because A, you waive contract clause rights, and B, you've removed the remedy. So one other question. Um, it seems to me that if we accept everything you've said heretofore, we still get to the question of whether there's a overriding justification here. So what's your argument? The state admits that it does not have a justification. It candidly asserts in its brief that all of the justifications are advanced by the Liquor Store Owners Association of Montana. There's no evidence in the record that this was, like, designed to fix some broad problem with the system. Except all those justifications. Well, because the Director of the Department of Revenue admitted in his deposition, which is in the record, that if the DOR had believed that this new law was important for some broad public purpose or something to do with the program, then it could have supported the law as it picks up. But the law was passed by the Montana Legislature, correct? Right, but the DOR... Who cares what the bureaucrats think? Why can't, on this record, we conclude that the legislature concluded that the reasons offered by the lobbyists, in effect, were the reason to pass the statute? Well, I suppose you could, Your Honor, but this circuit never has done that before. And there's a heightened standard for the state to prove that it really was reasonable. And the multiple cases have talked about, you have to look at what is the broad public purpose to be served. And in the case of a purely financial term, this circuit has never found that. Let me ask you one more question, and I know you're over time. Did the district court, and I'm trying to recall, deal with the justification? It never reached that step, Your Honor. So if we were to find that you were correct on everything else, shouldn't we remand it to the district court to deal with that issue? I don't think so, Your Honor, because... I know you don't like that because he ruled against you the first time. The parties filed cross motions for summary judgment on the contract... That happens all the time. Sure, but the record was fully developed. There's no disputes of fact. You can look at what the state sets out as justification. No, there's no doubt we can do it. My question is why should... In a typical case, what we say is, look, the district court never reached this. We could do it, but let the district court do it because if the district court errors in doing it the second time, you'll have an appeal. If we screw it up, you won't have an appeal because the Supreme Court won't be interested. So my view is that the normal course should be to send it back to the district court to address unaddressed issues. I guess it would have to overcome a long and consistent line of circuit authority to do so. We don't have a long and consistent line of circuit authority saying don't send it back. We'll give you a minute to move out. Yes, sir. May it please the court. My name is Chris Sweeney and I'm representing all the defendants in Appelese in this matter. I think two issues I want to address right up front based on the argument from Lola Licker's counsel. First of all, the commission rate was not the most fundamental term of this agent. There is language in our case law that says that if in a contract with itself, the state impairs a financial term, that's good enough to be substantial. I think in some instances that can be and that's... It's not what the case law says? No, it's not. It's not? I would respect... We just read it. It said that. I would respectfully disagree from that Southern California gas case. The court focuses not on the dollar amount, but on the importance of the term. This is a pretty important term. How much money they're going to make selling liquor depends on how much they have to buy it for. I completely agree. I mean, it's hard to think as a retailer or a wholesaler that there's much more important, many more important things in your contract than price. If I may, I think if we look at the system as a whole, what we have here is a state-mandated monopoly of which there are 96 seats at the table and Lolo Liquor was given one of them. The most important term of this contract is the contract itself because it has limited competition. But we don't rank... In terms of substantiality for contract cost purposes, we don't say, well, because there's a more important part of this contract, this other part of the contract that deals with price can't be subject to impairment. Do we? No, I think that's exactly right. And I think Lolo Liquor was wrong in making that argument. I'm just saying that there is more important terms than the commission rate. What I think the court looks at when it's determining substantial impairment is the party's reasonable expectations under the contract. I'm now reading from Southern California Gas and it says, an employment of a contract is substantial if it deprives a private party of an important right towards performance, defeats the expectations or alters the financial term. And then it says, when assessing substantial impairment, we need not resolve the question of valuation in terms of dollars if an important financial provision is impaired. Is this not an important financial provision that's been impaired? I don't think it's the most important term in the contract. It doesn't say most. The question is, is it an important financial provision? I suppose that they could argue that it's important to them, but I think the case also goes on, and my apologies, I don't have the case number, that says that they don't necessarily look at the dollar amount. I just read you that. When assessing substantial impairment, we need not reserve the question of valuation in terms of dollars if an important financial provision is impaired. It seems to me to cut against you. I mean, it essentially says, even if it's not very much money, it's still, if it's an important financial provision, it counts. This is a lot of money and it's probably the most important financial provision. No? I disagree that it's... Financial provision. It's the only financial provision in the contract. It must be important. Well, I don't think, from the view of the entire contract, it's the important term for purposes of substantial impairment. Let's remember that Lolo Liquor was able to use this advantageous commission rate to grow its business 1,000% in three years, and even under... And even more proves that it wasn't important. Yeah. No, but it also proves that it wasn't substantially impaired. With my next point, that after the implementation of Senate Bill 193, their own expert projects that they will increase their purchases from the state to $13.5 million, and then in the following year of 2018 to $16 million, ultimately peaking at $20 million. That's under the implementation of the new law. And so I would argue that it was within their reasonable expectations that this could happen based on the modification. Well, but that's... Your argument about reasonable expectations turns on the language of the contract, does it not? A couple of things. No, but let me just make my question clear. Let's assume there had been no Section 11. Okay. And Section 2 seems to say we might change the commission rate in future contracts. So in the absence of Section 11, wouldn't they have a very strong contractual claim? No, because I think the court looks to Energy Reserve, the U.S. Supreme Court case, that also says that, look, when you enter into a contract in a landscape of a highly regulated industry and the owners of Lolo Liquor have been... All right, so now I'm reading again from Southern California case, and it says Energy Reserve has mentioned this, i.e., the parallel provision, but that was a private agreement, whereas the review was more stringent when the state itself is a contracting party. As a practical matter, sharing the risk that a neutral third party may act in a manner that affects one's contract is substantially different from allegedly empowering an interested contracting power to alter the agreement at will. As explained above, a contract that allows one party to unilaterally rewrite central terms is not a contract at all. So they seem to discount that entirely. Well, I would point the court's attention to the more recent case, this court's case, RUI 1, that was cited extensively in our brief. That was this court's case. And in particular, pages 1151 through 1152, where this court made a very clear point, I believe for a page and a half, that when it is considering the substantial impairment prong of the contract clause analysis, it does not focus on whether the government party, government was a party to the contract. The government's status as a party to the contract only matters on the second prong of the analysis as to whether it was reasonable for an important public purpose. So back to the previous argument that reasonable expectations comes, yes, from the modification provision in section 11. But that case didn't deal with an impairment of something that was directly in the contract between the parties, right? The court addressed it in two ways. First, they said the living wage, which was the legislation in RUI 1, did not change an existing term in the contract. That is true. But they also said the contract in RUI 1 said that it would be changed or the lessee would be subject to future laws, which said that they knew that the law could change and they would be subject to them, not immune from them. But this is directly in the contract. That's exactly right, which is why section 11 said the law could change and when it does. And that's why I go back to my first question. Sure. If there were no section 11, then it seems to me you wouldn't have a good argument that expectations were the contract. Just I'm dealing with the government, the government can always change the law. That's exactly what the Supreme Court says in energy reserves we ought not focus on. I would think we wouldn't have as good of an argument. I think the fact that the contract has entered into a highly regulated landscape also means the parties reasonably expected the law could change. And I would also point out that with respect to agency franchise agreements in Montana, the law has unilaterally changed by the government. In 2001, the government unilaterally implemented a new discount for agency stores. And what that did was added another piece of the commission, which varied every year, depending on the store's previous year's sales. Well, it may well be that nobody has to challenge a governmental regulation that benefits them. Well, in some instances, somebody doesn't view that as an impairment. The fact that nobody stepped forward to complain about it doesn't establish that the contract doesn't give you a reason. I would agree. Although I would say that in some instances, people's commissions after they went up also went back down. So they varied. I want to focus on the contract here and not get away from it for a second. I take it your position is that because of Section 11, you reserved to yourself, and parties to contracts can do that, the right to change it at any time. May make the contract illusory, but that's not what we're fighting about here. Is that your position? I would think it was two things. A, it was to put the parties on notice that the law could change and that the legislature retains its powers to change the law. But the legislature's inherent power to change the law, the Supreme Court seems to say, in a case that truly involves a contract, isn't enough. And then second, it told the parties by entering into this agreement, you're entering into an agreement which the law could change. So yeah, that was an important part of the agreement. I would also say that it can be read in conjunction with Section 2. I believe Lolo Licker repeatedly argues that we ignore Section 2, but I think the district court got it exactly right. That this contract identifies several ways in which the commissions can be changed, either on future renewals, every three years with the agency store owner's consent, or if the law changes, which is what Section 11 says. There's nothing inconsistent about those provisions. But why isn't this, as I asked your colleague, a breach of contract case? Why isn't this a case in which they should be arguing to the appropriate tribunal that you breached their contract? Well, I think very simply that- And you may be subject to damages, and you may not be. Why is it a contract clause impairment case? I think very simply that no provision of the contract, either before Senate Bill 193 or after, has been breached. Well, that's not their position. Their position is that Section 11 doesn't override your promise in Section 2 that commissions will only change in future renewals. Oh, I understand that that's the argument they're making. We disagree. I think they can all be read in harmony. I agree, but nobody's ever ruled on that. See, all the district court has done is deal with a contract impairment argument. I think they're going to- There can be breaches of contract by the State that don't amount to impairment of contract under the contract clause. See, the way I view it is it all happens at the same time. In fact, the district court did address a breach of contract claim. They did address the breach of contract claim, but it was not appealed. But what the court said is you were not promised a commission rate that would not change, and therefore you don't have a breach of contract. So if that's not appealed, and that's the real claim, why do we have to get to the impairment? Judge Berzon is always one step ahead of me. Why do we have to get to the impairment claim? Well, and perhaps you don't, but I think the primary arguments that have been made in this case center, and the district court also centered its reasoning on the contract claim and the substantial impairment. And in fact, when this case was previously in front of this court on the district court's denial of a preliminary injunction, the court also addressed it from a substantial impairment perspective. All right, let me ask you the same question I asked your colleague at the end. Assuming that if we disagreed with you about whether there was a substantial impairment, let me do it the other way. If there, yes, if we disagreed with you and thought there was a substantial impairment, do you have a justification, and do we decide that, or do we remand it as Judge Hurwitz suggested? Oh, I think you can decide that. I think it's clear the district court did address the reasoning for the law, but it did it under its analysis of the substantive due process argument, but it did so under a lower level of scrutiny. So I don't think it was decided, but it's a... Did you offer, tell me how you offered justification. We deposed the proponents of the bill who found the legislative sponsor to submit the bill to the Montana legislature, and I think this court, should it get to that threshold or that prong of the contract clause analysis, can decide that it was reasonably related to an important government purpose. Unless there's any further questions, I'd be happy to answer them. Okay, thank you very much. Do you want a minute? Thank you, Your Honor. I'd like to make three brief points. First, we did actually, in our brief, it's not a long section of our brief, but we did make an alternative claim that it's a breach of contract. Second thing I want to point out is in 1995, when the legislature privatized the liquor stores and made these changes, the director then of the Department of Revenue testified before the Montana legislature with a handout. It said ER64, and he said, rates can be adjusted upward every three years if an agency's rate is lower than peer agencies or extraordinary... But all that suggests is the justification may not... He didn't agree with the justification that these other guys offered. In other words, it may be that the director is right, and this won't preserve the system. It doesn't have to be... Oh. It only has to be their justification. It doesn't have to prove out to be true, does it? And so let me just talk about Montana and the contract clause. Montana has a contract clause in its constitution that's functionally identical to the US Constitution. And there's actually a case, relatively recent case from Montana 7 up, Pete, which kind of shows the hurdle that the state needs to clear to justify an impairment. And in that case, it was about a law that basically nullified mineral leases when the state banned cyanide heap leach mining in 2007. And the state said, OK, that impaired the contract, even though the contract said it was subject to whatever laws may exist at the time. But the state said, this is OK, because it is the subject of a countervailing state interest because the Montana Constitution has a fundamental right to a clean and healthful environment in its declaration of rights. And so that is the only situation I'm aware of, either in this circuit or at the Montana Supreme Court, where they found a substantial... Explaining its justification, although it hasn't done it very much yet, is something to the effect of that the state has an interest in regulating alcohol and that this is the way it's chosen to do it with this agency system and that that agency system is going to be threatened unless we have this kind of uniform system. Which that's their argument, and that's the argument as set forth by their lobbyists for the liquor store owners. There's no evidence... I mean, it doesn't sound to me to be off the wall different than the one in the Montana case. I think it's substantially different because the general public sees no difference for this. There's not even an affidavit from a liquor store owner or anything saying... There's certainly not in the record. I agree with you about that. I mean, there's nothing at this point in the record. Then I guess my next point is that at no time has the U.S. Supreme Court, this circuit or the Montana Supreme Court found a purely financial obligation of the state a justification for an impairment. It needs to be something fundamentally more. I mean, they are... I mean, this all leads to the... I mean, it seemed to... I thought what you were going to say is, well, if they haven't made the record, they haven't made the record and we should just rule in summary judgment on the current record. Yes. Because it sounds like maybe they could make a record. Well, again, I would say... What goes beyond just saving money. And they didn't try and the record is closed. I'm not sure what the mechanism for opening the record would be. I don't think that exists. But in any event, there's been significantly more justification in other cases in terms of preserving pension systems and preserving city streets in Southern California. Yes, all of these different things. And this circuit has never found a financial impairment justifiable. Can I ask one question for you? My confusion on the breach of contract issue is this. The district court found that there was no breach of the implied covenant of fair dealing and good faith. Was a separate argument made that it was just a plain out breach of the contract? The heading just before that is breach of contract. In a paragraph or two, it did. And I... Oh, I see. And it's your... And it's... I found that at the end of your brief now. Okay. Now, it is fairly in front of us. I'm sorry. Thank you. The heading at the end says good faith and fair dealing, but you're encompassing both in it. All right. Thank you very much. And thank you both for your argument in an really interesting case. And the case of LL Liquor versus State of Montana is submitted. And we are in recess. Thank you.
judges: Thacker, Berzon, Hurwitz